CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
J. ALEJANDRO BARRIENTOS (Bar No. 24105460)
(E-Mail: Alejandro_Barrientos@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-3107
Facsimile: (213) 894-7556

Attorneys for Defendant
MITCHELL VAUGHN LEE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MITCHELL VAUGHN LEE,<br><br>    Defendant. | Case No. 2:22-cr-00230-JFW<br><br>**DEFENSE COUNSEL'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE** |

    Deputy Federal Public Defender J. Alejandro Barrientos submits the attached declaration in response to the Court's order to show cause. ECF No. 141.

                                    Respectfully submitted,

                                    CUAUHTEMOC ORTEGA
                                    Federal Public Defender

DATED: March 18, 2024        By  */s/ J. Alejandro Barrientos*
                                    J. Alejandro Barrientos
                                    Deputy Federal Public Defender
                                    Attorney for Mitchell Vaughn Lee

**DECLARATION OF COUNSEL**

I, J. Alejandro Barrientos, declare as follows:

1. I am the Deputy Federal Public Defender appointed to represent Mitchell Vaughn Lee in the above captioned case.

2. The Court issued an order to show cause why I should not be sanctioned in the amount of $500 or why Mr. Lee's sentencing position (ECF No. 138) should not be stricken for failure to comply with the March 7, 2024 filing deadline, and for failure to deliver courtesy copies. ECF No. 141.

3. These failures were my fault and I will not make excuses for them.

4. However, the Court should not impose a $500.00 sanction and, at the very least, it should not strike Mr. Lee's sentencing position.

5. First, while the sentencing position was late and I failed to provide courtesy copies, I have otherwise diligently worked to move this case forward in a timely manner, including by working on and filing substantive motions during the Thanksgiving holiday,[1] and negotiating and finalizing the plea agreement during the Christmas holiday[2] in order to resolve this case by the prior January 16, 2024 trial date. The Court recognized these efforts at the change of plea hearing in this matter. Given this record, the order to show cause and its potential impact on my career are sufficient incentives to ensure my compliance in this and any future cases before the Court; no sanctions are necessary.

6. Second, the late filing was not due to indifference to the Court's rules. I was instead making a good faith effort to fulfill all of my obligations to all of my clients. For example, I had requested and obtained Mr. Lee's extensive medical records, Navy records, letters of support, and the other exhibits to his sentencing position in advance of the March 7th filing deadline. And though I did not finish writing the sentencing position

---

[1] *See* ECF Nos. 109 (motion to suppress evidence and statement filed four days after Thanksgiving 2023), 110 (motion to dismiss filed on the same date).

[2] *See* ECF No. 120 (plea agreement signed two days after Christmas 2023).

by the deadline, I made good faith efforts to do so. For instance, I worked from approximately 6:40 a.m. on March 6th to 1:30 a.m. on March 7th to, among other things, conduct investigation in another matter, complete the sentencing position in this matter, and complete a sentencing position in another matter that was due on March 6th. I additionally worked over the weekend of March 9-10 to complete the sentencing position in this matter, as well as pre-trial motions in another case that were due on, and filed on, Wednesday, March 13, including a lengthy and complex motion to dismiss.

7. Third, within thirty minutes of receiving the order to show cause in this matter, I took action to provide courtesy copies to the Court. Courtesy copies were delivered to the Court around 4:40 p.m. on March 14th, which was approximately two hours after the order to show cause was issued.

8. Fourth, at the very least, the Court should not strike Mr. Lee's sentencing position. He did not cause or contribute to the late filing in any way. Striking his sentencing position as a sanction for his counsel's actions would be unfair to him.

9. Finally, I have been a practicing attorney since 2017 and have never before been sanctioned or the subject of an order to show cause because I take my duties to my clients and courts seriously. In light of the show cause order in this case, I will evaluate my work process to ensure all deadlines and rules are observed.

10. For these reasons, I respectfully submit that sanctions are not necessary.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: March 18, 2024                                     /s/J. Alejandro Barrientos
                                                          J. Alejandro Barrientos